JUSTICE NELSON
concurs.
¶44 I concur in the Court’s Opinion. I write separately only to note that, with respect to our reference to Daubert v. Merrell Dow Pharms., 509 U.S. 579, 113 S. Ct. 2786 (1993), cited at ¶ 36 of the Court’s Opinion, I continue to disagree in our limiting the application of Daubert to “novel scientific evidence.” See State v. Clifford, 2005 MT 219, ¶¶ 60-91, 328 Mont. 300, ¶¶ 60-91, 121 P.3d 489, ¶¶ 60-91 (Nelson, J., concurring). I agree that the trial court and this Court have applied our narrowed version of Daubert correctly in the case at bar. That said, if our application of Daubert was not narrowed to “novel scientific evidence,” the trial judge may well have been persuaded to conduct a Daubert hearing with respect to the matter of Dr. Rodgers’ retrograde extrapolation of the size, visibility and growth rate of Harris’s tumor, from his study of tissue samples.
¶45 Without attempting to predict how the question may be resolved, it can be said with some certainty that unless counsel in some case specifically challenges in the trial court and then in this Court our jurisprudence narrowing Daubert, the courts will simply continue to apply that case only to “novel scientific evidence.” I, at least, suggest that we have improperly narrowed the application of Daubert. In my view, the trial courts should serve a greater gatekeeper function than we presently allow.
¶46 I concur.
JUSTICE COTTERjoins the Concurrence of JUSTICE NELSON.